UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ADAM TAEGEL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| PRUDENTIAL INSURANCE COMPANY OF AMERICA, | ) ) ) ) |
| Defendant. | ) |

**COMPLAINT**

COMES NOW Plaintiff, Adam Taegel, and for his claims and causes of action against Defendant, Prudential Insurance Company of America, states as follows:

PARTIES

1. Adam Taegel ("Taegel") is a resident and citizen of the State of Missouri.

2. Defendant Prudential Insurance Company of America ("Prudential") is an out-of-state insurance company authorized to do business in the State of Missouri. The Commissioner of the Missouri Department of Insurance is authorized to accept service of process on behalf of Prudential.

JURISDICTION AND VENUE

3. Taegel brings his claim pursuant to ERISA and 29 U.S.C. § 1001 *et seq.*

4. This dispute is governed by a welfare benefits plan and its policy documents, as well as applicable federal law regarding employer provided benefits. 29 U.S.C. § 1132(e)(1).

5. This Court also has subject matter jurisdiction pursuant to the general jurisdictional statute for civil actions arising under federal law. 28 U.S.C. § 1331.

1

6. Venue lies in the Western District of Missouri under 29 U.S.C. § 1332(e)(2), as the breach occurred in this district, and because the welfare benefits plan is administered in this district.

7. Venue is also proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and/or omissions giving rise to this action occurred within this judicial district.

## INFORMATION REGARDING TRIAL

8. No jury trial is allowed under ERISA law.

## STATEMENTS OF FACT

9. Taegel worked for National Association of Insurance Commissioners ("NAIC") as a Software Quality Engineer II.

10. During Taegel's employment, he became unable to perform the duties of his job due to a combination of physical conditions. Taegel's last day of employment was on September 17, 2021.

11. Taegel's physical issues arise from irritable bowel syndrome D (IBS-D), Anxiety, history of reoccurring anal fistulas, moderate persistent asthma, hemorrhoids, Crohn's disease, Chronical abdominal pain, and diarrhea.

12. During his employment, Taegel's conditions deteriorated to the point he was no longer able to work. Taegel initiated a claim for disability benefits.

13. NAIC sponsored a group long-term disability ("LTD") benefits plan ("Plan") for its participating employees.

14. The Plan constitutes employee welfare benefit plans as defined by 29 U.S.C. § 1002 (1).

15. The Plan offered disability benefits to qualifying NAIC's employee Plan participants.

16. At all relevant times, Taegel has been a participant and covered person under the terms of the Plan.

17. Prudential is the administrator of the Plan.

18. NAIC delegated or attempted to delegate the function of issuing LTD claim determinations to Prudential.

19. NAIC and Prudential entered into an administrative services contract through which NAIC paid Prudential for acting as claims administrator.

20. On November 12, 2021, Taegel received a denial letter from Prudential. In its letter, Prudential communicates the reason for the denial being that an Occupational Medicine Reviewer opined that "… no impairment is supported due to your comorbid conditions. Exam findings were unremarkable with no functional deficits supported."

21. On March 31, 2022, Taegel received a copy of his claim file, consisting of 679 pages.

22. On August 25, 2022, Counsel for Taegel submitted a timely appeal of Prudential's denial of his LTD claim.

23. The Plan and Policy articulate the conditions under which a Plan Participant is entitled to LTD benefits.

24. It states:

> You are disabled when Prudential determines that:
> - you are unable to perform the **material and substantial duties** of your **regular occupation** due to your **sickness** or **injury**; and
> - you are under the **regular care** of a **doctor**; and
> - you have a 20% or more loss in your **monthly earnings** due to that sickness or injury.

25. Taegel was employed as a Software Quality Engineer II at the time he became disabled and unable to work.

26. Software Quality Engineers perform inspections and sets quality assurance testing of software. This occupation executes testing procedures to ensure that software meets established quality standards. Develops and writes testing scripts and plans to ensure that software functions as expected. Engineers in this position routinely isolates, reproduces, and tracks defects in programming.

27. Taegel was frequently required to rise from his seated position and walk and stand to complete a variety of office tasks.

28. Taegel's occupation involved a significant amount of computer and paperwork, requiring visual acuity and visual stamina.

29. Taegel provided sufficient proof of his loss, including but not limited to medical and hospital records, pharmacy records, fully executed claim forms, and authorization enabling Prudential to obtain without restriction his medical records and employment records.

30. Taegel has at all relevant times met the definition of "Disability or Disabled" under the Plan and is entitled to benefits.

31. Taegel has exhausted his administrative remedies.

## CAUSES OF ACTION

### COUNT I
### 29 U.S.C. § 1132(a)(1)(B) – WRONGFUL DENIAL OF BENEFITS

32. Taegel realleges the preceding paragraphs as if fully set forth herein.

33. Taegel is entitled to all unpaid and accrued LTD benefits, as Prudential:

   a. Made an unfavorable decision without substantial evidence;

4

b. Failed to properly consider Taegel's medical impairments and resulting limitations; and

c. Issued an unfavorable decision that was arbitrary and capricious.

34. Pursuant to 29 U.S.C. § 1132(a)(1)(b), Taegel is entitled to an award of actual damages for losses suffered.

35. Pursuant to 29 U.S.C. § 1132(g), judgment may include compensation for a beneficiary's attorney's fees, costs, and prejudgment interest.

36. Prudential has not satisfied its obligation to pay Taegel's LTD benefits.

37. WHEREFORE, pursuant to 29 U.S.C. § 1132(a)(1)(B) and 29 U.S.C. § 1132(g), Taegel prays for judgment against Prudential for unpaid LTD benefits, attorney's fees, costs, and prejudgment interest.

## COUNT II
### 29 U.S.C. § 1132(a)(3) – BREACH OF FIDUCIARY DUTY

38. Taegel realleges the preceding paragraphs as if fully set forth herein.

39. Under 29 U.S.C. § 1002(21)(A), a fiduciary is one who:

> "exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property or such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan."

40. 29 U.S.C. § 1104(a)(1)(A) describes the fiduciary standard of care:

> "a fiduciary shall discharge her duties with respect to a plan solely in the interest of the participants and beneficiaries and – for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan."

41. Prudential, the Plan's designated claims administrator, is a fiduciary.

42. Taegel participated in and benefitted from the Plan as previously indicated.

43. Prudential's claims management practices are motivated by financial incentives in its administrative services agreement with NAIC.

44. As the payor of benefits and the entity responsible for exercising discretion in claims administration, Prudential operates under an inherent conflict of interest.

45. A higher than marketplace quality standard, as set forth in *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 128 (2008) governs the actions of a fiduciary.

46. Prudential breached its fiduciary duty in:
    a. Failing to comply with its internal guidelines and claims handling procedures. Its claim handlers did not comply with documented instructions involving the administration of disability claims, including its procedures involving coverage and eligibility determinations;
    b. Engaging in a structural conflict of interest by assuming the role of both claims administrator and payor of benefits;
    c. Failing to produce to Taegel a full and complete copy of his claim file and/or any other documents relevant to the denial of his claim; and
    d. Refusing to utilize fully executed authorizations to attempt to obtain evidence relevant to Taegel's claim for benefits;

47. Prudential denied Taegel's LTD benefits for the purpose of elevating its financial interests. In doing so, it breached its fiduciary duties.

48. Prudential failed to discharge its duties solely in the interests of its participants and beneficiaries. It acted with both a conflict of interest and breached its fiduciary duty to both Taegel and the Plan's participants and beneficiaries generally.

49. Prudential's improper conduct demonstrates that ordinary relief under § 1132(a)(1)(B) is not an adequate remedy.

50. Prudential's violations of regulations alone allow Taegel the right to pursue any remedy under Section 502(a) of ERISA, including § 1132(a)(3). 29 C.F.R. § 2560.503-1(1)(2)(i).

51. In addition to damages in the form of unpaid benefits, Taegel has suffered damage to his credit, legal expenses, foreclosure, and other costs incurred because of Prudential's failure to timely pay his claim.

52. Prudential's violations of federal regulation also subject its decision to *de novo* review.

53. WHEREFORE, pursuant to 29 U.S.C. § 1132(a)(3), § 1109, and § 1132(a)(2), Taegel prays for an order that Prudential retrain its employees consistent with ERISA fiduciary obligations and federal regulations; for reformation of its services agreement with the plan administrator consistent with ERISA fiduciary obligations and federal regulations; for an injunction preventing further unlawful acts by Prudential in its fiduciary capacity; for an equitable accounting of benefits that Prudential has withheld; for the disgorgement of profits enjoyed by Prudential in withholding benefits; for restitution under a theory of surcharge; for the Court's imposition of a constructive trust; for an award of attorney fees; and for further relief as the Court deems just.

Respectfully submitted,

**BURNETTDRISKILL, Attorneys**

By: /s/ Derrick A. Pearce
Derrick A. Pearce, Mo. #42793
Kyle H. Sciolaro, Mo. #64568
Paul J. Taylor, Mo. #72159
103 W 26th Ave., Ste. 290
North Kansas City, MO 64116
P: 816.781.4836
F: 816.792.3634

7

dpearce@burnettdriskill.com
ksciolaro@burnettdriskill.com
ptaylor@burnettdriskill.com
ATTORNEYS FOR PLAINTIFF